**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY 1999 SESSION**

FILED

March 2, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9801-CR-00006** |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. SETH NORMAN,** |
| **WILLIE ANDREW COLE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Expunction) |

FOR THE APPELLANT:                     FOR THE APPELLEE:


**WILLIE ANDREW COLE**                   **JOHN KNOX WALKUP**
R.M.S.I. Unit 6-B                        Attorney General & Reporter
7475 Cockrill Bend Ind. Rd.
Nashville, TN 37209-1010                 **ELIZABETH B. MARNEY**
                                         Asst. Attorney General
                                         John Sevier Bldg.
                                         425 Fifth Ave., North
                                         Nashville, TN  37243-0493


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner filed several petitions in Davidson County for expunction of public records. Each petition addressed a separate charge for which the petitioner was acquitted, for which no true bill was returned, or that was dismissed prior to trial. By order dated November 18, 1997, the trial court denied each of the petitioner's petitions, stating, "After diligent search the Clerk of the Criminal Court is unable to locate any charges which can be identified as the warrants set out in the petitions. The [case] numbers set out in the petitions are alien to any system used by that office." The petitioner now appeals to this Court.

First, the petitioner argues that the trial court's order should be reversed and this case remanded for expunction because the trial court had no discretion to deny his petitions. The petitioner correctly argues that expunction of records pursuant to a proper petition is not a matter of discretion. State v. Liddle, 929 S.W.2d 415 (Tenn. Crim. App. 1996); see T.C.A. § 40-32-101(a). The order on review, however, reflects that the trial court did not deny the petitioner's petition as a matter of discretion. Rather, the trial court denied the petitioner's petitions because the records relating to the charges to which the petitioner referred could not be found. If the records cannot be found, they cannot be expunged. The petitioner notes in his appellate brief that he referred to the files he wanted expunged by the numbers he found on an FBI "rap sheet" found in his prison file. Apparently, these numbers do not correlate with the numbering system used by Davidson County. If the petitioner wants the public records relating to certain charges expunged, then he should refile a petition listing the case numbers used by the clerk of the criminal court and any other information that will help the clerk locate the files he wishes to be expunged.

2

As a corollary matter, the petitioner notes in his appellate brief that the full record was not transmitted to this Court. Specifically, the petitioner complains that four of the five petitions he filed do not appear in the record on appeal. Because of this, the petitioner requests that the clerk's office be ordered to submit the entire appellate record to this Court so that we may properly consider all issues presented. Given the nature of the trial court's order, this is not necessary. Even if all five petitions were included in the appellate record, the petitioner is not entitled to expunction of documents that cannot be located because the information the petitioner supplied was insufficient to locate the documents to which he referred. Thus, even assuming the appellate record is in fact incomplete, it does not preclude our full and meaningful review of this case.

The petitioner also contends on appeal that he "should receive a full refund of the court costs which he has endured." According to the petitioner, the clerk repeatedly returned his petitions to him unfiled, so he filed a petition for writ of mandamus on October 10, 1997, to compel the clerk to file his petitions. The petitioner also claims that on November 17, 1997, he filed a petition with the Tennessee Supreme Court for the appointment of special counsel to rule on his petitions. He claims that filing this petition cost him one hundred fifty-two dollars and seventy-five cents ($152.75). The record reflects that one day later, on November 18, 1997, the trial court entered an order denying his petitions. The petitioner claims he should be reimbursed for the cost of filing a petition with the Tennessee Supreme Court because under T.C.A. § 40-32-101(a), the person requesting expunction shall not be charged for the cost of the expunction and because, according to the petitioner, the trial court and/or the clerk's office "intentionally" failed to inform him that the trial court had denied his petition until August 25, 1998, when

he received the appellate record in this case.[1]

Evidence to substantiate the petitioner's claims does not appear in the record. Because this Court is not a fact-finding court, we decline to address any issue regarding reimbursement before it is properly presented to the trial court.

We affirm the trial court's order denying the petitioner's petitions for expunction. The petitioner is free to refile a petition to expunge any records he wishes to be destroyed, but he would be well-advised to provide as much accurate information regarding the charges as possible so as to aid in the location of the records. The petitioner is also free to address the issue of reimbursement at such time.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
THOMAS T. WOODALL, Judge

_____

[1]The petitioner notes the trial court's November 18, 1997, order reflects that a copy of the order was sent to "Willie Andew Carter," not "Willie Andrew Cole," which may explain why he did not timely receive a copy of the trial court's order, if that was in fact the case.